UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF WISCONSIN GREEN BAY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 24-CR-099

v.

JOHN D. TAYLOR,

    Defendant,

## SENTENCING MEMORANDUM

John D. Taylor, through counsel Eric S. Maciolek of Maciolek Law Group, requests that the United States District Court for the Eastern District of Wisconsin, Honorable William C. Griesbach, presiding, impose an 84-month term of imprisonment. This is a sentence that is consistent with the sentencing factors enumerated in 18 U.S.C. § 3553(a). Mr. Taylor has never been to prison before. His criminal record is non-violent, he has taken responsibility for his actions, and he was cooperative with law enforcement.

Mr. Taylor has entered guilty pleas to violating 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D) - Dealing Firearms without a License; 18 U.S.C. §§ 922(g)(1) and 924(a)(8) – Felon in Possession of a Firearm; 18 U.S.C. §§ 922(o) and 924(a)(2) – Transfer or Possession of a Machinegun; and 18 U.S.C. § 924(c)(1)(A)(i) - Possession of a Firearm in Furtherance of a Drug Trafficking Crime as charged in the indictment in counts 1, 2, 3 and 6. There is no mandatory minimum sentence applicable for counts 1, 2, or 3. However, Mr. Taylor faces a minimum 5-year prison sentence consecutive to any other sentence on count 6.

### Offense conduct.

Mr. Taylor came to the attention of law enforcement through information provided by informants. BATFE agents utilized confidential informants to purchase

firearms from John Taylor and Allison Mundt on several occasions. A search warrant revealed a substantial cache of firearms at Mr. Taylor's home including one machine gun. Mr. Taylor's was a convicted felon at the time that engaged in selling firearms without a license. He was also, at the time, a heavy drug user.

What mitigates his behavior is that all of the offenses are status offenses in that selling firearms is not illegal if one has a license. Possession of firearms is not illegal if you are not a felon. Unfortunately for Mr. Taylor, he did not have a license nor could he get one because of his status as a felon. Congress takes the possession a firearm in furtherance of any drug-trafficking crime to be a rather egregious offense no matter the circumstances.

Mr. Taylor is not alleged to be a large-scale drug dealer. His conviction under 18 U.S.C. 924(c) is not the run of the mill situation where a drug dealer typically possesses a weapon to protect his or her money, drugs, and person. Mr. Taylor is better described as hopeless drug user. He always had methamphetamine for his personal use. Some of that meth was distributed to defray the cost of his own habit. From the information he provided to the PSR writer, he has tried most drugs that exist. When he uses drugs, he doesn't use a little. He takes it to the extreme. As a brief example, prior to his arrest, Mr. Taylor's methamphetamine use exceeded 3.5 grams per day. Some days he would use up to 7 grams. He has explained that he rarely ate food – consuming only 2 – 3 meals per week. His caloric intake came almost exclusively from drinking beer all day, every day.

His decision-making capacity must have been at an all-time low when he was arrested. His physical health was poor. He estimates that since his arrest he has gained approximately 30 pounds while in jail.

What is worth noting is that despite Mr. Taylor's and Ms. Mundt's peddling of illegal firearms, their common customer base were people who were otherwise eligible to purchase and possess firearms. Counsel saw no indication in this case that any firearm sold by Mr. Taylor was later found at a crime scene or was alleged to have been used in the commission of a crime. It is important to note what Mr. Taylor did not do. He did not arm violent street gangs. He did not sell to felons.

When caught, he did not lie to investigators. To his credit, when Allison Mundt floated the idea that she could or should retaliate against one of the confidential informants from the jail for getting her in trouble, Mr. Taylor immediately shut that idea down.

Why did Mr. Taylor engage in selling firearms at all? He was financially stressed. His family has never had any significant amount of money. Mr. Taylor's work history is sparse. His family's property was in the beginnings of foreclosure just prior to his arrest. He had always been interested in firearms and has a strong working knowledge about firearms in general. He claims that others had encouraged him to use that knowledge to help make ends meet. The combination of poverty, drug abuse, and mental illness probably all contributed to his illegal behavior.

### Criminal History.

John Taylor's criminal record is non-violent. Although his arrest record contains a common theme of him possessing weapons, Mr. Taylor has never actually hurt or injured anyone with a weapon.

The longest period of incarceration that Mr. Taylor experienced prior to this case was approximately six months.

### The Need to Protect the Public from Further Crimes.

Mr. Taylor is a non-violent offender with a rather insignificant criminal history. His drug use, however, puts him in a category of people who might act irrationally or unpredictably. There is admittedly some need to protect the public from felons and drug addicts who possess and distribute firearms. The mechanism by which sobriety and mental health treatment can be best accomplished is through rehabilitation efforts in the community.

Mr. Taylor would undoubtedly benefit from a 500 hour drug treatment program while in the prison system as well.

### The Kind of Sentences Available.

The Court may impose any sentence between 5 years and life. The court must impose at least a 5-year prison sentence on count 6 consecutive to any other sentence

imposed.

### Conclusion.

John D. Taylor is 37 years old. He respectfully requests that the Court impose a term of imprisonment that is substantially below the guideline range but is still lengthy. He requests a sentence of 84 months. This is the same sentence imposed on the co-defendant, Allison Mundt. The two were similarly situated in terms of their respective culpabilities. Mr. Taylor clearly had superior knowledge about firearms, how they work, and how to sell them. Ms. Mundt, however, appears to have enthusiastically helped Mr. Taylor transport and peddle his guns.

Mr. Taylor has never faced a significant period of incarceration. His actions were (at the time) fueled by methamphetamine and alcohol addiction. An 84-month sentence is a lengthy sentence for a person of any age. Counsel's hope is that Mr. Taylor learned that his behavior has extremely harsh consequences under the law and that the sentence imposed will serve as a deterrent for him.

Mr. Taylor requests that the court recommend placement either in Wisconsin or near Sandstone, Minnesota, where his teenage children live.

Dated at Green Bay, Wisconsin, this 13th day of April, 2025.

**MACIOLEK LAW GROUP**
/s/ Eric S. Maciolek
By:    Eric S. Maciolek

State Bar No. 1066200 (WI)

Attorney for John D. Taylor

336 S. Jefferson Street
Green Bay, WI 54301
920.309.3813
920.694.0928 (f)

eric@macioleklawgroup.com